IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-08-078-JHP |
| TRUMAN LEON BURGESS, a/k/a, TRUMON LEON BURGESS, and | ) | |
| JACK JAMES, | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant Jack James' "Motion to Dismiss Under Speedy Trial Act" [Docket No.68] and the Government's Response in Opposition [Docket No. 70]. In his Motion, James asks the Court to dismiss with prejudice the indictment against him because more than seventy days has passed since his initial appearance without a trial in this matter in violation of the Speedy Trial Act, 18 U.S.C. 3161 et seq. For the reasons stated below, James' Motion to Dismiss is DENIED.

### BACKGROUND

On November 14, 2008, Jack James was indicted, along with co-defendant Truman Leon Burgess, for being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) [Docket No. 3]. Both men made their initial appearances that same day and both men were detained pending trial [Docket Nos. 9 & 14]. Originally, a jury trial in this matter was scheduled to begin January 5, 2009. [Docket No. 19]. On December 29, 2008, the Government requested a continuance because an ATF informant, who is an essential witness in

1

this case, was seriously injured in a automobile accident. At the time, the ATF informant was in the hospital and unable to appear as a witness. [Docket No. 37]. At the motion hearing held on December 30, 2008, the Court granted the continuance and rescheduled the jury trial for February 2, 2009. [Docket Nos. 40 & 44]. James did not object to the continuance.

On January 23, 2009, Burgess filed a motion to determine his competency to stand trial. [Docket No. 49]. In the motion Burgess' counsel raised concerns about Burgess' ability to assist in his defense and stated that he suffers from Alzheimer's disease and has declined medication. During a telephonic hearing on the motion, James' counsel advised the Court that he would request a detention hearing if Burgess was sent to be mentally evaluated.[1] [Docket No. 50]. On January 30, 2009, the Court entered an Order granting Burgess' motion for a mental competency evaluation and ordering that "a Federal Medical Center for Prisoners shall be designated and shall promptly examine [Burgess], pursuant to 18 U.S.C. § 4241, to determine whether he is suffering from a mental disease or defect . . ." [Docket No. 53]. Again, James did not object to the continuance.

On March 23, 2009, the Court received a letter from the Federal Bureau of Prisons ("BOP") stating that Burgess had been committed to the Metropolitan Detention Center in Los Angles, California in accordance with the Court's instructions. The letter also stated that due to the high volume of forensic cases designated to that center, a report regarding Burgess' competency would not be available until May 7, 2009. [Docket No. 54]. On May 27, 2009, the Court received another letter from the BOP stating that the completion of the report had been

---

[1] Burgess was sent for a mental evaluation, however, James' counsel never requested a detention hearing.

2

delayed and a report would not be completed until June 5, 2009. [Docket No. 55]. On June 30, 2009, the Court again received a letter from the BOP stating that a high case volume has delayed the completion of the report, but the report should be available by June 29, 2009. [Docket No. 56]. All of the BOP letters were promptly docketed and made available to all counsel in the case.

On August 7, 2009, the Court received Burgess' sealed medical evaluation. [Docket No. 57]. A competency hearing was held on August 18, 2009, and on August 20, 2009, the Court entered an order finding Burgess competent to stand trial. [Docket No. 61]. On the same day, the Court set this case for jury trial as to both defendants on August 31, 2009. [Docket No. 62]. On August 25, 2009, less than a week before trial, James filed the current "Motion to Dismiss Under Speedy Trial Act."

## **DISCUSSION**

The Speedy Trial Act, 18 U.S.C. 3161 et seq., states that a defendant charged by indictment must be brought to trial within seventy (70) days of the date the indictment is filed or the date the defendant first appears before a judicial officer of the court, whichever occurs later. *Id*. § 3161(c)(1). Section 3161(h), however, provides for the exclusion of certain periods delay in the calculation of the seventy day term. Excludable periods of delay include but are not limited to: delays resulting from examinations to determine the mental competency of the defendant; delays resulting from any pretrial motion; and delays resulting from the absence or unavailability of an essential witness. *Id*. §§ 3161(h)(1)(a), (h)(1)(d), & (h)(3)(A). Additionally, section 3161(h)(6) authorizes an exclusion for "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not

3

run and no motion for severance has been granted." It is this last excludable period that is at issue in the current Motion.

In this case, several periods of delay have been excluded form the seventy day time limit provided in section 3161(c)(1). James does not object to the exclusion of any of these periods of delay that were the result of the filing of pretrial motions or the trial continuance based on the unavailability of the Government's essential witness. Similarly, James does not object to the exclusion of time from January 22, 2009, when Burgess requested an exam, until the anticipated trial date of March 2, 2009.[2] James only objects to the Court's exclusion of any period past March 2, 2009. James argues that this period constitutes an unreasonable delay and therefore is not excludable under 3161(h)(6). Because he believes this period is not excludable, James contends that he has been held without a trial for more than 160 days past the time provided by the Speedy Trial Act.

Section 3161(h)(6)[3] specifically excludes "[a ] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." Based on the plain language of this section, the Tenth Circuit has stated that, "subject to a 'reasonableness' limitation, an exclusion under section 3161(h)(1) attributable to one defendant is applicable to all co-defendants under section 3161(h)[(6)]." *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 915 (10 th Cir. 1989). Furthermore, the Tenth Circuit has stated that "[t]he obvious purpose behind the [section

---

[2] Counsel for James states that his notes form the telephonic conference held on January 23, 2009, reflect that the Court intended to reschedule the trial in this case for the March trial docket which began on March 2, 2009.

[3] Formerly section 3161(h)(7).

3161(h)(6)] exclusion is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986). Importantly, James does not argue that the period past March 2, 2009, should not be excluded from Burgess' Speedy Trial calculation. Therefore, under section 3161(h)(6), the period will also be excluded from James' Speedy Trial calculation unless the delay was unreasonable. As a result, the Court's analysis focuses solely on whether or not the delay was reasonable as it relates to James.

In determining whether a period of delay under section 3161(h)(6) is reasonable, "all relevant circumstances must be considered." *Theron*, 782 F.2d at 1514. The Tenth Circuit has identified three factors for courts to consider: (1) the purpose behind the exclusion; (2) whether the defendant zealously pursued a speedy trial; and (3) whether the defendant was free on bond. *United States v. Olivo*, 69 F.3d 1057,1061-62 (10th Cir. 1995). Only the third factor appears to supports James argument that the period of delay was unreasonable. James has been incarcerated since the time of his arraignment, including the entire period of delay at issue. The Court points out, however, that during the time his co-defendant was being evaluated, James never requested a detention hearing despite informing the Court that he intended to do so. Because he never requested a detention hearing, the Court finds James' reliance on this factor somewhat less persuasive than it otherwise might be.

Although the third factor weighs in James' favor, the first two factors strongly support a finding that the period of delay was reasonable. As stated above, the purpose behind the exclusion is to promote the efficient use of judicial and prosecutorial resources that results from trying multiple defendants in a single trial. Based on the allegations contained in the Indictment

and the Government's Trial Brief [Docket No. 23], it appears that the exact same evidence and witnesses will be used in the prosecution of both defendants on Count 1 of the Indictment.[4] As for the second factor, the Court finds that James has not zealously pursued a speedy trial. While none of the continuances have been requested by James, he did not object to any of the continuances. Further, James never moved for a severance under Fed. R. Crim. P. 14. Several circuit courts, including the Tenth Circuit, have found the failure to file a motion to sever a significant factor when determining the reasonableness of a period of delay. As the Tenth Circuit stated, "a motion for severance will adequately focus attention upon and allow the district court to relieve unfairness created by a delay in favor of a joint trial." *Mobile Materials, Inc.*, 871 F.2d at 917. In fact, the Second Circuit has held that a motion to sever was a prerequisite to challenging the reasonableness of a delay caused by joinder to a co-defendant. *United States v. Vasquez*, 918 F.2d 329 (2d. Cir. 1990).

After considering all the relevant circumstances, the Court finds that the interest in promoting efficiency by conducting a single trial and the fact that James did not zealously pursue a speedy trial outweighs the fact that James has been incarcerated during the entire period of delay. Thus, the Court finds that the entire period of delay caused by Burgess' mental evaluation is reasonable and properly excludable from James Speedy Trial calculation pursuant to section 3161(h)(6). Because the period of delay is excludable, more than 70 non-excludable days have not passed since James' arraignment, therefore no violation of the Speedy Trial Act has occurred.

---

[4] James is the only defendant named in Count 2 of the Indictment, however it appears that the same witnesses would be used in prosecuting that count as well.

## CONCLUSION

For the reasons set forth herein, James' "Motion to Dismiss Under Speedy Trial Act" [Docket No. 68] hereby DENIED.

IT IS SO ORDERED this 28th day of August, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma